IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES TODD BUSS Plaintiff, v. BNSF RAILWAY COMPANY, Defendant. | No. 08 C 6720 The Honorable William J. Hibbler |

## MEMORANDUM OPINION AND ORDER

Plaintiff James Todd Buss brings this suit against his former employer, Defendant BNSF Railway Company, under the Federal Employers' Liability Act (FELA), 45 U.S.C. §§ 51-60. Buss was injured during a collision that took place while he was working as an engineer for the company. He argues that BNSF's negligence caused the collision and that the company is therefore liable for the injuries he sustained. He now moves for partial summary judgment on the issues of liability, causation and comparative fault. For the following reasons, the Court GRANTS his motion.

### I. Factual Background

The following relevant facts are undisputed, unless otherwise specified. On September 12, 2008, Buss was working as an engineer for BNSF. (Pl. Rule 56.1(a)(3) Statement (hereinafter "Pl. St.") ¶ 1.) That day, Buss was performing a shove movement where railcars were attached to the locomotive directly in front of him, blocking his view of the movement. (*Id.* at ¶¶ 3-4.) Thus, he had to rely on the rest of his crew, including the conductor, Dale Zolper, and the brakeman, Michael Kiely, to monitor and direct the movement. (*Id.* at ¶¶ 5, 6, & 8.)

1

Prior to the movement, Zolper ordered Kiely to throw the switch so the railcars that Buss was shoving would go into Track 3, which was empty. (*Id.* at ¶ 11.) However, Kiely actually threw the switch so that the railcars Buss was shoving would go into Track 2, which contained other railcars. (*Id.* at ¶ 12.) Kiely then radioed Buss and ordered him to shove seven car lengths. (Def. Rule 56.1(b)(3)(C) Statement of Additional Facts (hereinafter "Def. Add'l St.") ¶ 7.) Buss shoved about three car lengths and then Zolper ordered Buss to shove twelve more car lengths. (*Id.* at ¶ 8.) Although there is some dispute as to how far Buss shoved after this second order, he continued to shove until the rail cars he was shoving collided with the cars on Track 2.

## II. Standard of review

### A. Summary Judgment

Summary judgment is appropriate when the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating there is no genuine issue of material fact, and judgment as a matter of law should be granted in their favor. *Id.* Once the moving party has met the initial burden, the non-moving party must offer more than a mere scintilla of evidence to survive summary judgment. *Roger Whitmore's Auto. Servs. v. Lake County, Ill.*, 424 F.3d 659, 667 (7th Cir. 2005). The non-moving party must produce specific facts showing there is a genuine issue of material fact, and that the moving party is not entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). Finally, all evidence and inferences must be viewed in the light most favorable to the non-moving party. *Id.* at 255.

### B. FELA

As the FELA is a broad remedial statute, courts construe it liberally in order to effectuate its purposes. *See, e.g., Fulk v. Ill. Cent. R.R. Co.*, 22 F.3d 120, 124 (7th Cir. 1994). FELA is not a strict liability statute, and plaintiffs must still prove the common law elements of negligence, including foreseeability, duty, breach, and causation. *Id.* However, a plaintiff can satisfy the first three elements by proving that the defendant violated a statute or regulation. *See Walden v. Ill. Cent. Gulf R.R.*, 975 F.2d 361, 364 (7th Cir. 1992). A plaintiff can then prevail on a theory of negligence *per se* if he can show that the defendant's violation caused his injury. *Id.* In fact, under the FELA, a defendant is liable for any injury resulting "in whole or in part" from its negligence. *Id.* (citing 45 U.S.C. § 51). Thus, in order to prevail, the plaintiff only needs to show that the defendant's violation contributed in fact to the plaintiff's injury. *Id.* In such a case, the plaintiff cannot be guilty of contributory negligence. 45 U.S.C. §§ 53, 54a; *see also Martinez v. Burlington N. & Santa Fe Ry. Corp.*, 276 F. Supp. 2d 920, 923-24 (N.D. Ill. 2003).

### III. Analysis

#### A. Regulatory violation

The parties engage in a great deal of argument about whether BNSF violated a number of regulations. However, because the Court finds that BNSF did in fact violate 49 C.F.R. § 218.99(b)(3), and that the violation caused the collision at least in part, the Court limits its discussion to that regulation.

BNSF's employees must provide "point protection" during a shove movement like the one the crew was performing in this case. 49 C.F.R. § 218.99(b)(3). The regulation states, in relevant part, that "point protection shall be provided by a crewmember or other qualified employee by...[v]isually determining that the track is clear." *Id.* In order for a track to be clear,

3

it must be "unoccupied by rolling equipment" and "intervening switches" must be "properly lined for the intended movement." 49 C.F.R. § 218.93.

The parties dispute whether Kiely and Zolper were both responsible for point protection at all times during the shove movement. Buss argues that they were, but BNSF argues that once Zolper gave his order for Buss to shove an additional 12 cars, the responsibility shifted from Kiely to Zolper. The Court need not decide this issue because even if the Court assumes for the sake of argument that BNSF's interpretation is correct, the undisputed facts demonstrate that BNSF failed to provide adequate point protection. At some point, either Kiely or Zolper had to determine that the switch involved was properly lined for the intended movement. In this case, there is no dispute that the intended movement was a shove onto Track 3. However, Kiely threw the switch to send the cars onto Track 2. The fact that Kiely may have done this based on a misunderstanding of Zolper's orders is irrelevant. Neither Kiely nor Zolper caught the mistake, and thus at least one of them failed to provide adequate point protection in violation of 49 C.F.R. § 218.99(b)(3).

## B. Causation

BNSF also argues that even if it did violate a regulation, the Court should deny Buss's motion because there is still a genuine dispute as to whether Buss's own negligence was the sole cause of the collision. BNSF argues that Buss violated 49 C.F.R. § 220.49 and Rule 5.3.7 of the General Code of Operating Rules because he failed to stop the train in half the distance of the movement pending further instructions. The Court need not determine whether BNSF has presented sufficient evidence to bring these facts into dispute, however, because BNSF cannot avoid the conclusion that its violation of 49 C.F.R. § 218.99(b)(3) contributed at least in part to

the collision. Even if Buss had completed the entire movement without stopping halfway, he would not have run into any other cars if he had been heading into Track 3, which was empty.

Thus, based only on undisputed facts, and making all reasonable inferences in BNSF's favor, the crew's failure to determine that the switches were properly lined for the intended movement was at least one of the causes of any injuries he sustained in the collision. Thus, BNSF was negligent *per se* and is liable for those injuries. *Walden*, 975 F.2d at 364 (citing 45 U.S.C. § 51). Moreover, BNSF is liable for all of Buss's damages because Buss cannot be held responsible for contributory negligence. 45 U.S.C. §§ 53, 54a; *see also Martinez*, 276 F. Supp. 2d at 923-24.

## *CONCLUSION*

For the above reasons, the Court GRANTS Plaintiff's motion for partial summary judgment.

IT IS SO ORDERED.

7/12/10
Dated

Hon. William J. Hibbler
United States District Court